UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL NO. 104 ANNUITY FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>PITTSFIELD PIPERS, INC.<br><br>    Defendant. | C.A. No. 3:20-cv-30076 |

**COMPLAINT**

1. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. §§ 1132(a)(3)(B)(ii), (d)(1) and (f) and 29 U.S.C. § 1145, to compel Defendant Pittsfield Pipers, Inc. ("the Employer") to make delinquent employee benefit payments to the Plaintiff Trustees.

2. Jurisdiction is conferred on this Court by 29 U.S.C. §§ 1132(e)(1) and (f) without regard to the amount in controversy or diversity of citizenship.

3. Venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

4. The Plumbers and Pipefitters Local No. 104 Annuity Fund (the "Fund") is a trust established in accordance with 29 U.S.C. § 186(c) and an employee pension benefit plan as defined by 29 U.S.C. §§ 1002(2). The Fund is governed by a Board of Trustees ("Plaintiffs"). The Plaintiffs are each a fiduciary to the Funds as defined by 29 U.S.C. § 1002(21).

5. The Fund is maintained pursuant to multiple collective bargaining agreements between the Plumbers and Pipefitters Local Union No. 104 ("the Union") and numerous employers. The collective bargaining agreements require each employer to contribute to the

Fund for all hours of covered work performed by employees working within the territories defined by the agreements.

6. The Employer is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts. The Employer's principal place of business is located at 73 Fourth Street, P.O. Box 1386, Pittsfield, MA.

7. At all relevant times, the Employer was engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

8. The Employer was a party to two or more collective bargaining agreements (the "Agreements") with the Union at all times material herein.

9. The Employer failed to make contributions to the Funds as required by the Agreements for work performed by the Employer's employees.

10. The Employer failed to remit $9,970.50 in contributions to the Fund, for 1,626.5 hours of work, performed by an employee during the time period of October 2016 through August 2017.

11. The hours of work described in paragraph 10 constituted commercial work that was covered by the collective bargaining agreement between the Union and the New England Mechanical Contractors Association, Inc. ("the Commercial Agreement"). The Employer was obligated to contribute to the Fund for all such hours of work.

12. The Agreement provides that, in the event the Employer fails to make its required contributions in a timely fashion, the Employer is obligated to the Funds, in addition to the principal amounts owed, for: interest from the date when the payment was due, liquidated damages, and all costs and reasonable attorney's fees expended by the Plaintiffs in any action collecting the delinquent contributions.

WHEREFORE, the Plaintiffs demand judgment against Defendant Pittsfield Pipers as follows:

1. That the Defendant be ordered to pay to the Plaintiffs the delinquent contributions due the Plaintiffs, plus prejudgment interest from the date when each month's payment was due and liquidated damages of 20% per annum pursuant to 29 U.S.C. § 1132(g)(2) et seq.

2. That the Defendant be ordered to pay to the Plaintiffs their costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. § 1132(g)(1) et seq.

3. That the Plaintiffs receive such other legal or equitable relief as this Court deems appropriate.

Respectfully submitted,

**PLAINTIFFS**

By their attorneys,

   /s/ Colby J. Jackson
Thomas R. Landry (BBO #625004)
Colby J. Jackson (BBO #696825)
KRAKOW, SOURIS, and LANDRY LLC
225 Friend Street, Suite 503
Boston, MA 02114
tlandry@krakowsouris.com
cjackson@krakowsouris.com
P: 617-723-8440
F: 617-723-8443